UNITED SETATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBIN G. DIDONATO, ) | |
|          Plaintiff ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| ) | |
| J.A. CAMBECE LAW OFFICE, P.C. and ) | |
| CACH , LLC., ) | |
|          Defendants ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

In this action, plaintiff seeks damages resulting from actions taken by defendants in attempting to collect a consumer debt even though they had failed to provide validation of same in response to plaintiff's timely request, in violation of the Fair Debt Collection Practices Act ("FDCPA") and G.L. c. 93A.

### Parties

1. Plaintiff Robin G. DiDonato is an individual who at relevant times resided in Marlborough, Massachusetts.

2. Defendant J.A. Cambece Law Office, P.C. ("Cambece") is a Massachusetts law firm and professional corporation with a principal place of business in Peabody, Massachusetts.

3. Defendant CACH, LLC. ("CACH") is a duly organized and existing corporation which conducts business in the Commonwealth of Massachusetts, having a principal place of business in Denver, Colorado.

4. At all times relevant to this complaint, defendants were "debt collectors" within the meaning of 15 U.S.C. §1692a(6) and were engaged in trade or commerce in Massachusetts.

## Jurisdiction and Venue

5. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Factual Allegations

7. Cambece sent plaintiff a letter dated October 22, 2009 in connection with a debt allegedly owed to CACH, Cambece's client, which debt had been incurred primarily for personal, household, or family purposes.  The letter was the initial written communication from Cambece regarding the debt and contained the validation notice required by section 1692g(a) of the FDCPA.

8. Plaintiff prepared and sent to Cambece a letter dated October 27, 2009, in which she disputed the alleged debt and requested validation of same.  Plaintiff's letter was sent certified mail, return receipt requested, and was received by Cambece on October 29, 2009.

9. Cambece did not provide validation of the alleged debt to plaintiff but instead filed suit on the debt on behalf of CACH in the Marlborough District Court in December, 2009, and had plaintiff served with the summons and complaint on or about January 15, 2010.

10. Cambece proceeded to litigate the Marlborough District Court lawsuit against plaintiff on behalf of CACH by propounding discovery requests, attending a case management conference, and additional steps in furtherance of obtaining a judgment against plaintiff.

11. On or about February 23, 2010, Cambece sent plaintiff's counsel copies of several credit card account statements and a cover letter stating that the statements constituted "verification of debt for the above referenced account."

12. The credit card statements provided by Cambece did not constitute adequate verification of the alleged debt.

13. Cambece continued to litigate the Marlborough District Court lawsuit against plaintiff, and trial was held on October 14, 2010, resulting in a judgment for plaintiff herein.

14. As direct and proximate results of Cambece's commencement and continuation of litigation without having verified the alleged debt in response to plaintiff's timely request, plaintiff suffered financial loss in the form of legal fees, was defamed, was inconvenienced, and suffered severe emotional distress and mental anguish.

15. The above-described actions and omissions of Cambece were carried out as attorney and agent for CACH and were within the scope of said agency.  Thus, CACH is jointly and severally liable with Cambece for all damages sustained by plaintiff.

## COUNT I

16. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

17. Cambece's filing and prosecution of the Marlborough District Court collection action against plaintiff without providing verification of the alleged debt in response to

plaintiff's timely request violated section 1692g(b) of the FDCPA, as a result of which plaintiff suffered the harm described herein.

      WHEREFORE, plaintiff prays for a judgment of actual damages, statutory damages, interest, costs, and reasonable counsel fees against defendants, jointly and severally.

## COUNT II

18. The allegations of paragraphs 1 – 17 are incorporated herein as if fully set forth.

19. Cambece's violation of the FDCPA as aforesaid constituted a per se violation of G.L. c. 93A, §2.

20. Cambece's unlawful conduct was knowing or willful in nature.

21. Plaintiff, through counsel, sent Cambece a demand for relief under G.L. c. 93A dated February 9, 2010, which demand reasonably described the unlawful practices complained of and injuries suffered.

22. Plaintiff's demand for relief was received by Cambece, but Cambece did not make a reasonable and written tender of settlement within 30 days of receipt.

23. Cambece's failure to make a reasonable and timely tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

      WHEREFORE, plaintiff prays for judgment of actual or statutory damages, whichever is greater; that actual damages be doubled or trebled; plus interest, costs, and reasonable attorney's fees against defendants, jointly and severally.

5

**Plaintiff claims trial by jury.**

ROBIN G. DIDONATO
By her attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com